**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| OTR ENGINEERED SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLACKSMITH OTR, LLC,<br><br>Defendant. | Case No.: 4:24-cv-00186-WMR |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO CONSOLIDATE**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

BACKGROUND .......... 3

ARGUMENT AND CITATION TO AUTHORITIES .......... 10

I. The Court should deny Blacksmith's Motion to Dismiss. .......... 10

A. OTR did not file this Action in "anticipation" of Blacksmith moving to reopen the 2023 Action. .......... 10

B. Allegations of unclean hands provide no basis for dismissal. .......... 15

1. An unclean hands defense cannot be considered on a motion to dismiss. .......... 15

2. Even if an unclean hands defense could be considered now, OTR does not have unclean hands. .......... 16

II. The Court should deny Blacksmith's Motion to Consolidate because there is no pending action with which to consolidate this case. .......... 20

CONCLUSION .......... 22

# TABLE OF AUTHORITIES

## Cases

*Abramson v. 1 Glob. Cap., LLC*,
No. 15-cv-61373-BLOOM/Valle, 2015 WL 12564318 (S.D. Fla. Sept. 23, 2015) ........ 16

*Absolute Activist Value Master Fund Ltd. v. Devine*,
998 F.3d 1258 (11th Cir. 2021) ........ 12

*Aflac, Inc. v. SDT Air, LLC*,
978 F. Supp. 2d 1304 (M.D. Ga. 2013) ........ 12

*Anago Franchising, Inc. v. Shaz, LLC*,
677 F.3d 1272 (11th Cir. 2012) ........ 12

*Atlanta Multispecialty Surgical Assocs., LLC v. DeKalb Med. Ctr., Inc.*,
273 Ga. App. 355 (2005) ........ 19

*Brookside Grp., LLC v. Caris Healthcare, LP*,
No. 1:18-CV-1005-AT, 2021 WL 2457852 (N.D. Ga. Mar. 4, 2021) ........ 15

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*,
713 F.3d 71 (11th Cir. 2013) ........ 11, 14

*Cone v. Dickenson*,
335 Ga. App. 835 (2016) ........ 17

*Cont'l Cas. Co. v. HealthPrime, Inc.*,
No. 1:07-cv-02512-WSD, 2015 WL 533246 (N.D. Ga. Feb. 9, 2015) ........ 12

*Ewing v. United States*,
No. 1:21-CV-2528-MLB, 2021 WL 5926013 (N.D. Ga. Nov. 23, 2021) ........ 20

*Halo Wireless, Inc. v. TDS Telecommunications Corp.*,
No. 1:11-CV-2749-RWS, 2012 WL 246393 (N.D. Ga. Jan. 26, 2012) ........ 22

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995) ........ 20, 21

*Homesite Ins. Co. v. Mendenhall*,
No. CV 2:22-00359-TFM-N, 2022 WL 18587885 (S.D. Ala. Nov. 30, 2022)... 16

*Hunt v. Aimco Props., L.P.*,
814 F.3d 1213 (11th Cir. 2016)................................................................ 15

*Isaiah v. JPMorgan Chase Bank*,
960 F.3d 1296 (11th Cir. 2020)................................................................ 15

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005)........................................................ 10, 11

*Metlife Life & Annuity Co. of Conn. v. Akpele*,
131 F. Supp. 3d 1322 (N.D. Ga. 2015) .................................................... 17

*Newcom Holdings Pty., Ltd. v. Imbros Corp.*,
369 F. Supp. 2d 700 (E.D. Va. 2005)....................................................... 15

*Overlook Gardens Props., LLC v. Orix, USA, LP*,
366 Ga. App. 820 (2023)............................................................................ 19

*Pronman v. Styles*,
No. 12-80674-CIV, 2013 WL 3894978 (S.D. Fla. July 26, 2013)...................... 15

*Sisson v. Kadenzo Enter., Inc.*,
No. 1:22-cv-3722-AT, 2023 WL 10476018 (N.D. Ga. Dec. 1, 2023)................ 15

*Spinevision, Inc. v. Burel*,
No. 1:06-cv-332-WSD, 2006 WL 3531723 (N.D. Ga. Dec. 5, 2006)................. 13

*Taser Int'l, Inc. v. Phazzer Elecs., Inc.*,
No. 6:16-cv-366-PGB-LRH, 2021 WL 7501157 (M.D. Fla. Apr. 15, 2021) ..... 16

*Thomas-Packer v. Comm'r, Soc. Sec. Admin.*,
No. 23-13212, 2024 WL 4038391 (11th Cir. Sept. 4, 2024) ............................. 21

*Unified Gov't of Athens-Clarke Cnty. v. Stiles Apartments, Inc.*,
295 Ga. 829 (2014)...................................................................................... 18

*Ven-Fuel, Inc. v. Dep't of the Treasury*,
673 F.2d 1194 (11th Cir. 1982)........................................................ 11, 13

*Wallace v. Bock*,
279 Ga. 744 (2005) ........ 14

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ........ 10

*Young v. City of Augusta ex rel. DeVaney*,
59 F.3d 1160 (11th Cir. 1995) ........ 20

**Rules**

Fed. R. Civ. P. 42 ........ 20, 21

Plaintiff OTR Engineered Solutions, Inc. ("OTR" or "Plaintiff") respectfully submits this brief in opposition to Defendant Blacksmith OTR, LLC's ("Blacksmith" or "Defendant") Motion to Dismiss the Complaint or, in the Alternative, to Consolidate (the "Motion"). Dkt. 11. For the reasons explained below, the Court should deny Blacksmith's Motion in its entirety.

## INTRODUCTION

Blacksmith and OTR are parties to a series of arms'-length commercial contracts that, among other things, [redacted]. Those contracts resulted from lengthy negotiations between OTR and Blacksmith—negotiations in which both companies were represented by outside and in-house counsel and in which both companies' chief executives personally participated. Blacksmith is now attempting to re-write those contracts (or potentially undo them entirely). Neither the law nor the facts support Blacksmith's position, and the Court should deny its Motion in its entirety.

Blacksmith asks the Court to dismiss this case in favor of another action Blacksmith filed against OTR in 2023 ("the 2023 Action"). The problem with Blacksmith's request is that such a dismissal would be appropriate only if (among other things) the other action is pending. ***But the 2023 Action is not pending***. Rather, the parties settled that case in April 2024, and Blacksmith dismissed the

case with prejudice. In short, this is the only case between these parties pending in this Court, so there is no reason to dismiss this case.

Blacksmith argues otherwise, contending that it filed the 2023 Action before this one and that this case should be dismissed because OTR filed it in anticipation of Blacksmith moving to re-open the 2023 Action. But that is wrong. OTR had no clue Blacksmith would move to reopen the 2023 Action—as Blacksmith never threatened to do so. Moreover, none of the caselaw Blacksmith cites involves a situation even remotely similar to this one: that is, where the alleged "first filed" case has been dismissed with prejudice and thus is not "pending" at all.

Moreover, even if the 2023 Action could somehow be considered a pending case, dismissing this Action would still be inappropriate because the subject matter of the 2023 Action and this Action are different. In the 2023 Action, Blacksmith alleged OTR infringed certain of Blacksmith's trademarks and one of its patents. This Action, by contrast, is about the terms of a Supply Agreement that the parties executed in connection with resolving the 2023 Action. There is no overlap in claims or subject matter whatsoever, so the 2023 Action could not resolve the parties' current dispute.

Blacksmith also argues that this Action should be dismissed because OTR supposedly has unclean hands. According to Blacksmith, OTR executed the Supply Agreement despite never intending to [redacted] But that argument

fails, both legally and factually. Legally, an unclean-hands defense cannot be the basis for a motion to dismiss. And factually, OTR never misrepresented its intent [redacted] Indeed, the Supply Agreement itself explicitly states that OTR is [redacted] The parties, in other words, acknowledged ***in the contract itself*** that OTR [redacted] That defeats Blacksmith's unclean-hands theory.

Finally, as an alternative to dismissal, Blacksmith asks that this case be consolidated with the 2023 Action. That request should also be denied. Consolidation is appropriate only when two *pending* actions before the same court involve a common question of law or fact. Here, there is just one action pending before this Court (this one). Consolidation is neither possible nor warranted. The Court should deny Blacksmith's Motion in full.

## BACKGROUND

***Blacksmith files, then dismisses, the 2023 Action.*** OTR and Blacksmith compete in the off-the-road tire and wheel industry. Blacksmith sued OTR in this Court in November 2023. *See Blacksmith OTR, LLC v. OTR Wheel Eng'g, Inc.*, No. 4:23-cv-00279-WMR (N.D. Ga. Nov. 27, 2023); *see also* dkt. 11-3. In the 2023 Action, Blacksmith accused OTR of infringing one of Blacksmith's patents, U.S. Patent No. D893,404 (the "'404 Patent"); breaching a trademark-license

agreement; and infringing four of Blacksmith's trademarks: "Stabilizer," "Lightning Bolt," "Wearmaster," and "Outrigger." *See generally* dkt. 11-3.

OTR disputed Blacksmith's allegations in the 2023 Action. Nevertheless, in April 2024, Blacksmith and OTR settled the case by executing a Confidential Settlement Agreement (the "Settlement Agreement") with two components: a Design Patent License Agreement and a Supply Agreement. *See* dkt. 12 at 2–10. The Supply Agreement provides [redacted] *See id.* at 9, 11–32.[1]

The parties promptly began performing the Settlement Agreement. For example, [redacted].

After the parties executed the Settlement Agreement, Blacksmith filed a Notice of Settlement in the 2023 Action, stating that "[t]he Parties have executed a

---

[1] Exhibit B to the Settlement Agreement is a Design Patent License Agreement, also executed by the parties, which concerns [redacted] In that agreement, OTR agreed to [redacted] The Design Patent License Agreement is not in dispute. The Supply Agreement, however, is the subject of this Action and is discussed in further detail below.

settlement agreement and are in the process of performing under that agreement." *See* Notice of Settlement, *Blacksmith OTR, LLC v. OTR Wheel Eng'g, Inc.*, No. 4:23-cv-00279-WMR (N.D. Ga. Apr. 16, 2024). That same day, the Court administratively closed the case but permitted the parties to "promptly move to reopen the case" should "settlement negotiations fail." *See* Order, *Blacksmith OTR, LLC v. OTR Wheel Eng'g, Inc.*, No. 4:23-cv-00279-WMR (N.D. Ga. Apr. 16, 2024). Settlement negotiations did not fail. Rather, the parties executed the Settlement Agreement, and both parties performed their obligations under it. [redacted] *See* Joint Stipulation of Dismissal with Prejudice of Claims, *Blacksmith OTR, LLC v. OTR Wheel Eng'g, Inc.*, No. 4:23-cv-00279-WMR (N.D. Ga. Apr. 19, 2024).

***The parties disagree about the Supply Agreement.*** The Supply Agreement made Blacksmith [redacted] It accomplished this through two provisions.

First, the Supply Agreement [redacted]

[redacted] The Supply Agreement, in other words, [redacted]

Second, [redacted] OTR agreed that [redacted] In short, the Supply Agreement gives OTR [redacted]

Indeed, OTR had [redacted] In the Supply

Agreement, OTR agreed [redacted]

On June 20, 2024, Blacksmith informed OTR that it believes the Supply Agreement [redacted] Blacksmith also stated that it was "prepared to enforce [its understanding of] the terms of the Supply Agreement." *Id.* at 2.

***Blacksmith interferes with OTR's supplier relationships.*** OTR disputed Blacksmith's interpretation of the Supply Agreement because [redacted] Nevertheless, soon after the parties' dispute arose, Blacksmith informed one of OTR's major suppliers (non-party Deestone) that [redacted]

[redacted][2] [redacted]

As Blacksmith's counsel states in his affidavit, the parties then engaged in "a series of calls . . . in an effort to help Blacksmith gain a better understanding of OTR's interpretation of the terms of the Settlement Agreement and to help explain Blacksmith's view of the Settlement Agreement." Dkt. 11-2 at ¶ 6. That series of phone calls culminated in a call on July 31, 2024, when in response to a question from Blacksmith's counsel, OTR's counsel stated that OTR did not, at that time, have any current plans to buy the Products from Blacksmith. *See id.* ¶ 10. Contrary to the suggestion in Blacksmith's brief, OTR's counsel did not state that OTR "never" planned to buy Products from Blacksmith. *See id.* Instead, when asked

[2] Even if Blacksmith's interpretation of the Supply Agreement has merit (which it does not), [redacted]

whether OTR had ever intended to buy Products from Blacksmith, OTR's counsel confirmed that OTR had entered into the Supply Agreement in good faith. *Id.*

***OTR files the 2024 Action, and Blacksmith moves to reopen the 2023 Action.*** The parties reached an impasse during the July 31, 2024 call, *see* dkt. 11-2 ¶ 8, and OTR filed this Action later that afternoon. Among other relief, OTR seeks a declaratory judgment about the terms of the Supply Agreement. Dkt. 4-1 ¶¶ 80–93.

Recall that when Blacksmith first raised an issue about the Supply Agreement with OTR, it threatened to sue to enforce the Supply Agreement itself. Ex. A at 2. But Blacksmith never filed such a suit. Rather, nearly two months after OTR filed this case, Blacksmith moved to reopen the 2023 Action. *See* Mot. to Re-Open Case, *Blacksmith OTR, LLC v. OTR Wheel Eng'g, Inc.*, No. 4:23-cv-00279-WMR (N.D. Ga. Sept. 23, 2024).[3] That same day, Blacksmith filed this Motion, seeking to dismiss this Action or to consolidate it with the 2023 Action. Dkt. 11. The Court should now deny Blacksmith's Motion in its entirety.

---

[3] Concurrently with this brief, OTR is filing a brief in opposition to Blacksmith's motion to reopen the 2023 Action.

## ARGUMENT AND CITATION TO AUTHORITIES

### I. The Court should deny Blacksmith's Motion to Dismiss.

Blacksmith makes two arguments for dismissal. First, Blacksmith contends that this Action should be dismissed as an improper "anticipatory" declaratory-judgment action. According to Blacksmith, OTR filed this Action anticipating that Blacksmith would move to reopen the 2023 Action that it had voluntarily dismissed nearly two months before OTR filed this case—despite Blacksmith never previously threatening to do so. That unprecedented argument should be rejected.

Second, Blacksmith contends that OTR's supposed "unclean hands" defeats its right to declaratory relief. But an unclean-hands defense cannot be considered on a motion to dismiss (and is also meritless here).[4]

#### A. OTR did not file this Action in "anticipation" of Blacksmith moving to reopen the 2023 Action.

Blacksmith first attempts to invoke the first-filed rule—but Blacksmith's argument actually turns that rule on its head. The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). When exercising this discretion, a district court may apply the "first-filed

---

[4] Notably, Blacksmith does not contest the Complaint's assertion that there is a ripe dispute over the Supply Agreement's terms or that the dispute is *prima facie* a proper subject for declaratory relief.

rule," which allows for the later-filed of two cases to be dismissed when the "two actions involv[e] overlapping issues and parties [and] are [simultaneously] pending in two federal courts." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

However, an exception to the first-filed rule exists if the first-filed case (i) is a declaratory-judgment action and (ii) "was filed in apparent anticipation of the other pending proceeding." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 79 (11th Cir. 2013) ("The anticipatory suit exception to the first-filed rule applies when one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum."). Under this exception, a district court may decline to hear a first-filed declaratory judgment-action—*i.e.*, an "anticipatory" declaratory-judgment action—if "a ***pending proceeding*** in another court will fully resolve the controversy between the parties." *Ven-Fuel*, 673 F.2d at 1195 (emphasis added). But "[e]ven if a court finds that a filing is anticipatory," dismissal is not mandatory. *Manuel*, 430 F.3d at 1135. Instead, that finding is "one equitable factor among many" the court may consider. *Id.*

Blacksmith attempts to frame this case as an improper anticipatory declaratory-judgment action, but the Court should reject that argument for at least two reasons. First, ***there is no pending action other than this one***. Blacksmith

voluntarily dismissed the 2023 Action with prejudice under Rule 41(a). Once a plaintiff voluntarily dismisses a case, "the action is no longer pending, and the district court is immediately deprived of jurisdiction over the merits of the case." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (cleaned up). This case could be an "anticipatory" declaratory-judgment action only if another proceeding is currently pending, but there is no such other proceeding here.

Second, even if the dismissed 2023 Action could somehow be a "pending proceeding," ***Blacksmith never threatened OTR with reopening that case***. "For a declaratory judgment action to be improperly anticipatory, the party generally needs to have been specifically threatened with legal proceedings." *Aflac, Inc. v. SDT Air, LLC*, 978 F. Supp. 2d 1304, 1314 (M.D. Ga. 2013). Here, Blacksmith threatened OTR with a lawsuit to enforce the Supply Agreement. Ex. A at 2. But Blacksmith did not follow through with that threat. Instead, it did the opposite by moving to reopen the 2023 Action in an effort to ***invalidate*** the Settlement Agreement, the Supply Agreement, and the Design Patent License Agreement. Moreover, Blacksmith's threat to enforce the Supply Agreement could not reasonably be understood as a threat to move to reopen the dismissed 2023 Action, particularly because this Court lacks jurisdiction over the 2023 Action. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (court lacks

jurisdiction to enforce settlement agreement after parties file stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii)); *see also Cont'l Cas. Co. v. HealthPrime, Inc.*, No. 1:07-cv-02512-WSD, 2015 WL 533246, at *1 (N.D. Ga. Feb. 9, 2015) ("A stipulation of dismissal dismisses the case and divests the court of jurisdiction."). In short, OTR did not file this Action in anticipation of any "pending proceeding."

Dismissal would also be inappropriate here because the 2023 Action (even if re-opened) would not fully resolve the parties' dispute.[5] Blacksmith's claims in the 2023 Action concerned the '404 Patent and alleged trademark infringement. *See* Dkt. 11-3. This action, by contrast, is a declaratory-judgment case over competing interpretations of the Supply Agreement—an agreement that ***did not even exist*** when Blacksmith filed the 2023 Action. *See* Dkt. 4-1 ¶¶ 52, 56; *see, e.g.*, *Spinevision, Inc. v. Burel*, No. 1:06-cv-332-WSD, 2006 WL 3531723, at *3 (N.D. Ga. Dec. 5, 2006) (declining to dismiss case under anticipatory-suit exception when plaintiff's complaint "contain[ed] a variety of affirmative claims against Defendant that [were] not implicated" in the other proceeding). And to the extent

---

[5] Blacksmith's separate motion to reopen the 2023 Action should be denied for the reasons explained in OTR's opposition to that motion. But if the Court disagrees, reopening the 2023 Action (which would require invalidating the Supply Agreement and the Design Patent License Agreement) still would not "fully resolve" this controversy. This case is a dispute about the terms of the Supply Agreement, and OTR would be "unable to raise its claim[s]" in a hypothetically reopened 2023 Action. *Ven-Fuel*, 673 F.2d at 1195.

this action is about intellectual property at all, it concerns the ’910 Patent and the ’974 Patent[6]—not the ’404 Patent that was at issue in the 2023 Action. So, even if the 2024 Action were an anticipatory declaratory-judgment action, dismissal would be inappropriate because the claims in the 2023 Action would not resolve this case.[7]

---

[6] The ’910 Patent and the ’974 Patent are [redacted] OTR holds a non-exclusive, irrevocable license to these patents through the 2019 IP Agreement, to which Blacksmith is not a party. *See id.* ¶¶ 4, 52. Inexplicably, Blacksmith claims that the Settlement Agreement and the Supply Agreement superseded the 2019 IP Agreement. *See* dkt. 11-1 at 7, 9. But an agreement (such as the Settlement Agreement) cannot supersede a prior agreement (such as the 2019 IP Agreement) between ***different*** parties concerning ***different*** subject matter. *See Wallace v. Bock*, 279 Ga. 744, 746 (2005) (“An existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract. . . .” (alterations in original, quotation omitted)). This argument is baseless, and it is also irrelevant to Blacksmith’s Motion.

[7] The anticipatory-suit exception to the first-filed rule does not apply to this case for other reasons too. For instance, Blacksmith characterizes the 2023 Action as the “First-Filed Action” and this case as the “Second-Filed Action.” *See, e.g.*, dkt. 11-1 at 15. But only *first-filed* cases can be anticipatory. In Blacksmith’s own framing, then, this case—which Blacksmith itself calls the “Second-Filed Action”—cannot be anticipatory of any other pending proceeding. Similarly, the anticipatory-suit exception typically applies when the allegedly anticipatory case is filed in one party’s home forum, in an effort to get a home-court advantage in the dispute. *See Collegiate Licensing*, 713 F.3d at 79 (“The anticipatory suit exception to the first-filed rule applies when one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum.”). But here, both OTR and Blacksmith have the ***same*** home forum—this Court, as both companies are based in Rome, Georgia. Dkt. 4-1 ¶¶ 24–25.

**B. Allegations of unclean hands provide no basis for dismissal.**

Blacksmith next argues that this Court has the discretionary authority to dismiss this Action because OTR supposedly acted within "unclean hands." Dkt. 11-1 at 16–17. The Court should reject this argument too.

**1. An unclean hands defense cannot be considered on a motion to dismiss.**

Unclean hands is an affirmative defense. *See, e.g.*, *Brookside Grp., LLC v. Caris Healthcare, LP*, No. 1:18-CV-1005-AT, 2021 WL 2457852, at *16 (N.D. Ga. Mar. 4, 2021). Affirmative defenses, however, generally will not "support a motion to dismiss." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) (quotation omitted). As a "fact-intensive" equitable remedy, unclean hands is "an unsuitable basis for dismissal at the pleading stage." *Pronman v. Styles*, No. 12-80674-CIV, 2013 WL 3894978, at *5 (S.D. Fla. July 26, 2013); *see also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint.").

Blacksmith cites no authority to the contrary, and the only case Blacksmith does cite is distinguishable. *Newcom Holdings Pty., Ltd. v. Imbros Corp.* is an out-of-circuit case in which the court held—on summary judgment, not on a motion to dismiss—that a plaintiff was equitably estopped from pursuing declaratory relief.

369 F. Supp. 2d 700, 713–14 (E.D. Va. 2005). Courts in the Eleventh Circuit, however, routinely deny motions to dismiss where the movant invokes unclean hands. *See, e.g.*, *Sisson v. Kadenzo Enter., Inc.*, No. 1:22-cv-3722-AT, 2023 WL 10476018, at *6 (N.D. Ga. Dec. 1, 2023) (defendant's "putative unclean hands affirmative defense" in motion to dismiss was not "ripe for adjudication"); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LRH, 2021 WL 7501157, at *11 (M.D. Fla. Apr. 15, 2021) (defendant's "unclean hands argument [was] improperly raised in the context of his motion to dismiss"); *Abramson v. 1 Glob. Cap., LLC*, No. 15-cv-61373-BLOOM/Valle, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) ("[T]he doctrine of unclean hands is an affirmative defense that Defendant may raise in its answer which requires resolution of factual issues not ripe for discussion at the dismissal stage."); *Homesite Ins. Co. v. Mendenhall*, No. CV 2:22-00359-TFM-N, 2022 WL 18587885, at *8 (S.D. Ala. Nov. 30, 2022) (allegation of unclean hands "is not directly relevant to the Court's ruling on a motion to dismiss"), *R. & R. adopted*, 2023 WL 1786710 (S.D. Ala. Feb. 3, 2023). The Court should reject Blacksmith's argument and deny the Motion.

**2. Even if an unclean hands defense could be considered now, OTR does not have unclean hands.**

Even if Blacksmith's unclean-hands defense could be raised on a motion to dismiss, there would be no merit to it. Blacksmith argues that OTR failed to "consummate" the Settlement Agreement or misrepresented "its intent to purchase

products from Blacksmith" and that these actions "amount[] to unclean hands." Dkt. 11-1 at 16. Both arguments fail.

It's undisputed that the parties executed and performed the Settlement Agreement. Blacksmith's suggestion that they failed to "consummate" that agreement is misleading at best. Blacksmith repeatedly implies that the Settlement Agreement and the Supply Agreement have not become effective or enforceable. *E.g.*, dkt. 11-1 at 3 ("The Settlement Agreement and the included Supply Agreement[] and Design Patent License Agreement were all signed on April 12, 2024, with consummation to follow."); *id.* at 15 ("The First-Filed Action was dismissed as Ordered following a Settlement Agreement that was never subsequently consummated." (citation omitted)).

Here, OTR and Blacksmith "consummated" the Settlement and Supply Agreements when they executed them on April 12, 2024, Dkt. 12 at 7. Both Agreements became enforceable that same day, [redacted] *see also Cone v. Dickenson*, 335 Ga. App. 835, 837 (2016) ("[W]hen parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced.") (quotation omitted); *see also Metlife Life & Annuity Co. of Conn. v. Akpele*, 131 F. Supp. 3d 1322, 1327 (N.D. Ga. 2015) ("Georgia law favors

compromise and will enforce definite, certain, and unambiguous settlement agreements." (quotation omitted)), *aff'd and remanded*, 886 F.3d 998 (11th Cir. 2018). And the parties have indisputably performed under the Settlement Agreement and the Supply Agreement. [redacted]

Blacksmith's argument that OTR misrepresented "its intent to purchase products from Blacksmith" fares no better. Dkt. 11-1 at 16. Black-letter law holds that "[w]hen the terms of a contract are clear and unambiguous, the reviewing court looks only to the contract itself to determine the parties' intent." *Unified Gov't of Athens-Clarke Cnty. v. Stiles Apartments, Inc.*, 295 Ga. 829, 832 (2014). Here, the Supply Agreement's unambiguous terms state that [redacted]

[redacted] Blacksmith does not argue that this language is ambiguous, because it is not. And "[w]here the terms of a contract are unambiguous, the court must enforce it literally, even if one party contends that [it] understood the contract to mean something else." *Atlanta Multispecialty Surgical Assocs., LLC v. DeKalb Med. Ctr., Inc.*, 273 Ga. App. 355, 356 (2005). Blacksmith may now regret that it failed to extract a promise from OTR [redacted] but "courts will not alter the terms of a bargain sophisticated parties entered into willingly because a party now regrets the deal." *Overlook Gardens Props., LLC v. Orix, USA, LP*, 366 Ga. App. 820, 826 (2023) (quotation omitted)). Here, the parties' intent is reflected in the plain language of the Supply Agreement. Blacksmith's argument that OTR "misrepresented" its [redacted]

Finally, Blacksmith claims that OTR "affirmatively inform[ed] counsel for Blacksmith that it *never* would purchase any product." Dkt. 11-1 at 17. But Blacksmith's counsel's own affidavit refutes this assertion. He accurately testifies that OTR's counsel told him on July 31, 2024, that "OTR has no plans to place any orders for Products from Blacksmith under the Supply Agreement" and that "OTR had entered into the Supply Agreement in good faith." Dkt. 11-2 ¶ 10. But

Blacksmith twists this sworn testimony repeatedly in its brief to assert that OTR claimed to have "no plans to ever purchase any products under the Supply Agreement." Dkt. 11-1 at 10. Contrary to Blacksmith's assertions (which are unsupported by its counsel's own affidavit), OTR did not state that it would categorically "never" purchase any Products. OTR stated that it *presently* "has no plans to place any orders for Products from Blacksmith under the Supply Agreement." Dkt. 11-2 ¶ 10.

OTR never stated that, *at the time the Supply Agreement was entered*, it never [redacted] But even if that had been OTR's intent at the time, that intent is consistent with the Agreement's terms. [redacted] Blacksmith's unclean-hands argument has no support, and the Court should deny Blacksmith's Motion to Dismiss.

**II. The Court should deny Blacksmith's Motion to Consolidate because there is no pending action with which to consolidate this case.**

Finally, Blacksmith asks the Court to consolidate the 2024 Action under Rule 42(a) as an alternative to dismissal. This request should also be denied.

Rule 42(a) allows the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidating actions is "purely discretionary." *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quotation omitted). But "a trial court may consolidate cases ***only***

when (1) the actions involve a common question of law or fact and (2) they are pending before the same court." *Ewing v. United States*, No. 1:21-CV-2528-MLB, 2021 WL 5926013, at *1 (N.D. Ga. Nov. 23, 2021) (emphasis added); *see also Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 766 (11th Cir. 1995) (consolidation appropriate where "two or more cases involving the same parties and issues" are "simultaneously pending in the same court" (quotations omitted)).

Blacksmith claims that this Court has "two cases, with the same parties, the same essential facts, the same attorneys, and the same presiding Judge." Dkt. 11-1 at 18. But this Court does not have "two cases"; the 2023 Action was dismissed with prejudice. Consolidation is appropriate only—indeed, is possible only—where two actions are "***simultaneously pending in the same court***." *Hargett*, 60 F.3d at 766 (quotation omitted). The 2023 Action is not pending in this Court.

Nor does the Court have "two cases" with "the same essential facts." Rule 42(a) contemplates consolidation only where two actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The 2023 Action and this case are both about tires, but that is where the similarities end. As noted above, *see supra* Part I.A & n.6, the two cases concern entirely different facts and different claims. The 2023 Action is about patent and trademark infringement; this case is about disputed contract terms and tortious interference. While courts may consolidate cases to "eliminate unnecessary repetition and confusion," there is no

risk of repetition or confusion where the dismissed 2023 Action and this case involve different facts and claims. *Thomas-Packer v. Comm'r, Soc. Sec. Admin.*, No. 23-13212, 2024 WL 4038391, at *1 (11th Cir. Sept. 4, 2024).

"The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate." *Halo Wireless, Inc. v. TDS Telecommunications Corp.*, No. 1:11-CV-2749-RWS, 2012 WL 246393, at *3 (N.D. Ga. Jan. 26, 2012). Blacksmith cannot meet that burden here, and its Motion to Consolidate should be denied.

## CONCLUSION

For all these reasons, OTR respectfully requests that the Court deny Blacksmith's Motion in its entirety.

Respectfully submitted, this 21st day of October, 2024.

*/s/ James W. Cobb*
James W. Cobb
Georgia Bar No. 420133
Julia Blackburn Stone
Georgia Bar No. 200070
Cameron B. Roberts
Georgia Bar No. 599839
Emily C. Snow
Georgia Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
jcobb@caplancobb.com
jstone@caplancobb.com

croberts@caplancobb.com
esnow@caplancobb.com

/s/ Stephen M. Schaetzel

Stephen M. Schaetzel
Georgia Bar No. 628653
sschaetzel@mcciplaw.com
Warren Thomas
Georgia Bar No. 164714
wthomas@mcciplaw.com
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

*Counsel for Plaintiff OTR Wheel Engineered Solutions, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in LR 5.1(C).

This 21st day of October, 2024.

*/s/ James W. Cobb*
James W. Cobb
Georgia Bar No. 420133

*Counsel for Plaintiff OTR Wheel Engineered Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this day, caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record

This 21st day of October, 2024.

*/s/ James W. Cobb*
James W. Cobb
Georgia Bar No. 420133

*Counsel for Plaintiff OTR Wheel Engineered Solutions, Inc.*